■ MICHAEL ADAMS et al., Respondents, v LEHRER McGOVERN BOVIS, INC., et al., Appellants. (And Third-Party Actions.) [617 NYS2d 9] —Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered on or about March 11, 1994, which, *inter alia,* denied defendants' motion to disqualify the law firm of Davidson & Cohen, P. C. from representing plaintiffs in this action, unanimously reversed, on the law, the facts and in the exercise of discretion, the motion granted, and the law firm disqualified, without costs.

There is no question that the attorney who personally handled the representation of defendant Lehrer McGovern Bovis, Inc., in this and other actions, while she was employed as an associate at defendant's firm, is disqualified from now representing plaintiffs in this action *(see, Solow v Grace & Co.,* 83 NY2d 303, 306). Moreover, absent a waiver by defendant, the firm which now employs her and which has represented plaintiffs since the commencement of the action must now

also be disqualified from such representation. Regardless of the best efforts of the attorneys involved, the erection of an adequate internal barrier to prevent the possibility that confidential information concerning defendant could inadvertently flow from defendant's former counsel to the other attorneys at her new firm during the litigation of this ongoing matter is simply not possible, in light of the small size of the new firm, which employs only four attorneys *(see, Baird v Hilton Hotel Corp.,* 771 F Supp 24, 27).

Nor do we find that defendant is barred by the doctrine of laches from seeking such relief. While defendant's delay of several months after being notified of the conflict before bringing the motion on the eve of trial was not good practice, there is no evidence that plaintiffs were actually prejudiced by that delay. Nor does this fact on its own demonstrate that defendant was motivated to bring the motion by a desire to harm plaintiffs rather than a belief that it would be prejudiced by plaintiffs' continued representation by the subject law firm. Under these circumstances, the motion should have been granted. Concur—Rosenberger, J. P., Ellerin, Ross, Rubin and Williams, JJ.